

# THE ATTORNEY GENERAL
## OF TEXAS

March 29, 1989

JIM MATTOX
ATTORNEY GENERAL

Mr. H. Bate Bond                  Opinion No.   JM-1034
County Auditor
Comal County                      Re:  Authority to transfer hot
150 N. Seguin, Suite 201          check fund from county attorney
New Braunfels, Texas  78130       to district attorney (RQ-1630)

Dear Mr. Bond:

Your questions[1] relate to fees collected by the county attorney under article 102.007 of the Code of Criminal Procedure. Article 102.007 provides for the collection by a county attorney, district attorney, or criminal district attorney of a fee in connection with the collection or processing by his office of a check if the check had been issued or passed in a manner constituting one of the offenses set forth in that article.

You ask whether the funds collected under article 102.007 by the county attorney "fall under the control of the Commissioners Court when moving them from one official to another."

You advise that there has been a disagreement between your office and the county attorney as to whether the county attorney may transfer funds out of this account to the office of the district attorney without the permission of the commissioners court.

---

1.  A county auditor is required to submit any opinion request initially to his county or district attorney pursuant to section 41.007 of the Government Code. However, this office will accept an opinion request directly from a county auditor in an instance where the auditor's office disagrees with the county attorney and believes that the county attorney's position is in conflict with prior opinions of the Attorney General's Office. You advise that such a situation prompted your request.

Subdivision (e) of article 102.007 provides with respect to the disposition of such fees as follows:

> Fees collected under this article shall be deposited in the county treasury in a special fund to be administered by the county attorney, district attorney, or criminal district attorney. Expenditures from this fund shall be at the sole discretion of the attorney and may be used only to defray the salaries and expenses of the prosecutor's office, but in no event may the county attorney, district attorney, or criminal district attorney supplement his own salary from this fund. (Emphasis added.)

Code Crim. Proc. art. 102.007(e).

In Attorney General Opinion JM-967 (1988), the matter of whether certain prior opinions of this office relative to the management of the "hot check" funds were in conflict was addressed as follows:

> Attorney General Opinion JM-313 [1985] simply pointed out that although expenditures from the 'hot check' fund were not subject to commissioners court approval, the fund was generally subject to statutes regulating the handling of county moneys, citing Attorney General Opinions MW-188 (1980) ('hot check' fund subject to county auditor's power to prescribe accounting and control procedures for making deposits and disbursements), and MW-584 (1982) ('hot check' fund subject to various reporting requirements applicable to county funds).

> We find no conflict between JM-313 and MW-439 [1982]. We adhere to the rationale of MW-439 that to subject 'hot check' fund expenditures to the competitive bidding requirements would place ultimate control of these expenditures in the commissioners court which 'could, for example, refuse to accept any or all bids in a particular instance and thus interfere with the exclusive right of the designated individuals to administer the fund and to determine when, for what purposes, and under what circumstances expenditures will be made from it.' Attorney General Opinion MW-439 (1982), at 6. Such a result

> would be contrary to the express provision of article 102.007 . . . that '[e]xpenditures from this fund shall be at the sole discretion of the attorney.' (Emphasis added.)

Limitations on expenditures from the special fund under article 53.08 of the Code of Criminal Procedure (now article 102.007) and the matter of the disposition of any surplus were discussed in Attorney General Opinion JM-313, as follows:

> Expenditures from the special fund are, however, limited to defraying 'the salaries and expenses of the prosecutor's office.' In other words, all expenditures from the fund must relate to the official business of the prosecutor's office. There is no requirement that the attorney spend the entire fund; rather, the attorney may spend no more than the amount which is reasonably necessary to defray the salaries and expenses of the office. Any surplus must remain in the fund, subject to the legislature's further direction for disposition. A positive balance may be carried from one fiscal year to the next but such funds remain subject to the limitation to office expenses. Article 53.08 does not require the attorney to pay any excess in the special fund over to the general fund of the county. The attorney must, however, comply with various reporting statutes. See Attorney General Opinion MW-584 (1982) (and statutes cited therein). (Emphasis added.)

The attorney has exclusive control of the funds; however, he may expend no more than is reasonably necessary to defray the salaries and expenses of the office. While the commissioners court has no control of these funds it should be noted that any interest earned from these funds is treated differently. In Attorney General Opinion JM-632 (1987) it was concluded that any interest earned by the deposit of money received pursuant to the so-called "hot check" fund, must be deposited in the general revenue funds of the respective counties pursuant to article 1709, V.T.C.S. (now section 113.021(c) of the Local Government Code).

While the term "prosecutor" may mean county attorney, district attorney, or criminal district attorney[2] there can be no question but that they are separate and distinct offices. Section 102.007 and opinions of this office construing this statute provide that expenditure of these funds is limited to defraying the salaries and expenses of the office generating the fund rather than for prosecutors' offices generally. Section 102.007 makes no provision for transfer of the funds between the offices of county and district attorney or any other office. Any surplus must remain in that officer's special fund subject to the legislature's further direction for disposition. Attorney General Opinion JM-313.

### S U M M A R Y

Expenditures from a county attorney's "hot check" fund created pursuant to article 102.007 of the Code of Criminal Procedure may be made at the sole discretion of the county attorney to defray salaries and expenses of that office (except that such official may not supplement his own salary). Neither the county attorney nor the commissioners court is authorized to transfer funds from such account to the district attorney or any other official.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

---

2. Section 41.101 of the Government Code provides that "In this subchapter, 'prosecuting attorney' means a county attorney, district attorney, or criminal district attorney."

p. 5351

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General